UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:12-CV-00108-H

SECHEL HOLDINGS, INC. d/b/a                                                    PLAINTIFF
ERGOGENIX

V.

BRIAN CLAPP, et al.                                                            DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This case presents an interesting venue question in the developing area of law surrounding online commercial transactions. Plaintiff, Sechel Holdings, Inc. d/b/a Ergogenix ("Ergogenix"), has brought claims for false or misleading advertisement against Defendants, Brian Clapp and Dynamic Sports Nutrition, Inc. d/b/a Anabolic Research, LLC ("Dynamic Sports"). Defendants have moved to dismiss or transfer for improper venue or, in the alternative, to transfer for the convenience of the parties and witnesses. For the following reasons, the Court concludes that the Western District of Kentucky constitutes a proper venue but will transfer to the Southern District of Texas based on convenience.

**I.**

Like many companies, Dynamic Sports takes advantage of the Internet's ever-expanding global marketplace to engage in commercial transactions with distant consumers. Dynamic Sports utilizes a number of interactive websites to market and sell sports nutrition and weight loss supplements. These websites do not target specific states or regions but allow any person who accesses the sites to purchase Dynamic Sports' products and have those products shipped to their home.

Dynamic Sports immerses itself so deeply in online commerce that it maintains a limited

physical presence outside of Texas, its state of incorporation and the location of its principal place of business. The corporation's president, Brian Clapp, also resides in that state. It is further alleged that the John Does included in this litigation are Texas residents.

More importantly, Dynamic Sports maintains no physical presence in Kentucky. The corporation's connections with this state derive solely from the ability of any Kentucky resident to view and purchase products on its websites. In 2011, Dynamic Sports made 0.58% of its total sales to residents of the Western District of Kentucky and shipped 0.64% of its total orders to zip codes within this judicial district.

On February 28, 2012, Ergogenix filed this lawsuit alleging that Dynamic Sports employs false or misleading advertisements in violation of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B), and several similar state statutes and common law principles. Ergogenix, a Delaware corporation with its principal place of business in Canada, also participates in the nutritional supplement market. Ergogenix claims that Dynamic Sports uses deceptive website content and product names to sell nutritional supplements as steroids, thus obtaining an unfair competitive advantage.

However, the substantive merits of these claims must wait as Defendants have raised a procedural question. Defendants challenge Ergogenix's choice of venue, arguing that this district bears no substantial connection to the origin of the claims and that no defendant resides in this district. Defendants have moved to dismiss for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3), recognizing that the Court holds the discretionary power under 28 U.S.C. § 1406(a) to dismiss or transfer the case to a proper venue. Should venue be proper in the Western District of Kentucky, Defendants have requested a transfer for the convenience of the

parties and witnesses under 28 U.S.C. § 1404(a).  If a transfer is necessary, Defendants put forward the Southern District of Texas as an appropriate and convenient venue.

## II.

The Court must first determine whether the Western District of Kentucky constitutes a proper venue for this litigation.  This inquiry will reveal the statutory authority by which the Court's ultimate decision should be guided.  *See Pittock v. Otis Elevator Co.*, 8 F.3d 325, 329 (6th Cir. 1993); *Martin v. Stokes*, 623 F.2d 469, 474 (6th Cir. 1980).  Section 1406(a) may only be invoked to dismiss or transfer if improper venue or lack of personal jurisdiction exists in the district court where the case is pending.  *Martin*, 623 F.2d at 474.  Alternatively, a transfer based on convenience under § 1404(a) applies only where the transferor court holds both proper venue and personal jurisdiction.  *Id.*

Once challenged, Plaintiff bears the burden of showing that its initial choice of venue is proper.  *Crutchfield v. Santos*, No. 5:07CV-94-R, 2007 WL 4124713, at *1 (W.D. Ky. Nov. 19, 2007); *Centerville ALF, Inc. v. Balanced Care Corp.*, 197 F. Supp. 2d 1039, 1046 (S.D. Ohio 2002).  In a lawsuit with multiple defendants, venue must be proper with respect to each defendant.  *Clayton v. Heartland Res., Inc.*, No. 1:08CV-94-M, 2008 WL 5046806, at *2 (W.D. Ky. Nov. 21, 2008); *Crutchfield*, 2007 WL 4124713, at *1; *Overland, Inc. v. Taylor*, 79 F. Supp. 2d 809, 811 (E.D. Mich. 2000).

The general venue statute, 28 U.S.C. § 1391, sets forth the requirements for proper venue.  Section 1391(b) provides that a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is

situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

First, Plaintiff argues that this district is a proper venue for Dynamic Sports under § 1391(b)(1). Corporate defendants, such as Dynamic Sports, shall be deemed to reside in "any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." 28 U.S.C. § 1391(c)(2). Plaintiff contends that this Court may exercise personal jurisdiction over Dynamic Sports and must consider it a resident of the Western District of Kentucky.[1]

Nevertheless, the combination of §§ 1391(b)(1) and (c)(2) cannot establish venue with respect to the individual defendant, Brian Clapp. A natural person "reside[s] in the judicial district in which that person is domiciled." 28 U.S.C. § 1391(c)(1). It is undisputed that Clapp is a domiciliary of Texas, not the Western District of Kentucky. Therefore, § 1391(b)(1) fails to provide an independent basis for proper venue as to every defendant.

In recognition of that shortcoming, Plaintiff relies primarily on § 1391(b)(2). Section 1391(b)(2) would permit the use of this venue with respect each defendant if "a substantial part of the events or omissions giving rise to the claim occurred" in the Western District of Kentucky. Plaintiff is not required to pinpoint the best possible forum. *First of Mich. Corp. v. Bramlet*, 141 F.3d 260, 263 (6th Cir. 1998). Instead, it may utilize "any forum with a substantial connection to [its] claim[s]." *Id.* The Court must disregard the fact that more substantial or even the most substantial events took place in other judicial districts and focus on the events that occurred in

---

[1] Including a detailed discussion of personal jurisdiction is unnecessary. The Court holds the authority to exercise specific personal jurisdiction over these claims. *See Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 890-93 (6th Cir. 2002). Moreover, Defendants have not contested the issue.

the Western District of Kentucky.  *Id.*; *see Setco Enters., Corp. v. Robbins*, 19 F.3d 1278, 1281 (8th Cir. 1994); *Bates v. C & S Adjustors, Inc.*, 980 F.2d 865, 867 (2d Cir. 1992).

Even though § 1391(b)(2) allows proper venue to exist in multiple judicial districts, the substantiality requirement remains a limiting principle for the protection of the defendant. *Cottman Transmission Sys., Inc. v. Martino*, 36 F.3d 291, 294 (3d Cir. 1994).  "Substantiality is intended to preserve the element of fairness so that a defendant is not haled into a remote district having no relationship to the dispute." *Id.*  Events or omissions that bear only a "tangential connection" to the claims cannot establish venue. *Id.*

Here, substantial events or omissions giving rise to the claims occurred in any judicial district where the advertisements were likely to confuse or deceive consumers or in the district where the advertisements originated. *Overland*, 79 F. Supp. 2d at 811; *French Transit, Ltd. v. Modern Coupon Sys., Inc.*, 858 F. Supp. 22, 25 (S.D.N.Y. 1994); *see Cottman*, 36 F.3d at 295; *Cmty. Trust Bancorp, Inc. v. Cmty. Trust Fin. Corp.*, No. 7:10-cv-062-KKC, 2011 WL 673751, at *8 (E.D. Ky. Feb. 17, 2011).  In assessing the likelihood of confusion or deception in this district, the Court must look to whether Defendants' marketing efforts targeted the district and whether sales occurred here. *Overland*, 79 F. Supp. 2d at 811.  Plaintiff alleges that the advertisements at issue entered this district solely through Defendants' websites.  Therefore, the likelihood that Defendants caused confusion must be predicated on the interactive nature of the websites and the actual interactivity that occurred in this district.

Because Defendants' websites served a promotional purpose and allowed consumers to enter into remote sales transactions, they constituted highly interactive commercial devices. *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 890 (6th Cir. 2002); *Zippo Mfg. Co. v.*

*Zippo Dot Com, Inc.*, 952 F. Supp. 1119, 1124 (W.D. Pa. 1997).  In Lanham Act cases, such highly interactive capabilities require only a modest amount of sales or shipments to a district for a likelihood of confusion to be established.  *See, e.g.*, *Allstar Mktg. Grp., LLC v. Your Store Online, LLC*, 666 F. Supp. 2d 1109, 1130 (C.D. Cal. 2009); *Gary Scott Int'l, Inc. v. Baroudi*, 981 F. Supp. 714, 718 (D. Mass. 1997); *see also Cmty. Trust*, 2011 WL 673751, at *8; *IA, Inc. v. Thermacell Techs.*, Inc., 983 F. Supp. 697, 701 (E.D. Mich. 1997).  The district courts that found venue to be improper where the conduct arose from an interactive website based their reasoning on the fact that no actual contact whatsoever was alleged.  *See, e.g.*, *513 Ventures, LLC v. PIV Enters., Inc.*, No. 1:11-cv-573, 2012 WL 995277, at *5 (S.D. Ohio Mar. 23, 2012); *Francesca's Collections, Inc. v. Medina*, No. H-11-307, 2011 WL 3925062, at *2 (S.D. Tex. Sept. 7, 2011).  Taking care not to conflate two separate analyses, the Court also finds it instructive that the Sixth Circuit sanctioned the exercise of specific personal jurisdiction where an interactive website conducted only a small number of sales with the residents of a forum state.  *Neogen*, 282 F.2d at 891-92; *First Tenn. Nat'l Corp. v. Horizon Nat'l Bank*, 225 F. Supp. 2d 816, 821-22 (W.D. Tenn. 2002).

     Here, Defendants admit that 0.58% of total sales and 0.64% of total shipments for 2011 took place in this judicial district.  While those percentages may seem minuscule, Defendants' briefs failed to provide the total number of sales or shipments occurring that year.[2]  Considering that this information was easily accessible to Defendants, an inference will be made in favor of Plaintiff.  Those small percentages could represent a high number of commercial interactions with the residents of this district.

---

[2] In fact, Defendants' Reply appears to recognize the flaw in the improper-venue argument and provides a much more significant analysis of the transfer for convenience.

At least some, if not many, residents of this district visited and purchased products from Defendants' websites.  This commercial activity demonstrates the high likelihood that Defendants' advertisements caused confusion among a number of those residents.  Finding a substantial connection between Plaintiff's claims and the events in this district, the Court concludes that the Western District of Kentucky is a proper venue.  This result precludes any further discussion of invoking 28 U.S.C. § 1406(a) to dismiss or transfer the litigation.  *See Martin*, 623 F.2d at 474.  Instead, the Court will analyze Defendants' motion to transfer for the convenience of the parties and witnesses pursuant to 28 U.S.C. § 1404(a).

### III.

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  Deciding a § 1404(a) motion to transfer requires a two-step inquiry.  *Rutherford v. Goodyear Tire and Rubber Co.*, 943 F. Supp. 789, 791 (W.D. Ky. 1996).  First, the Court must determine whether the action "might have been brought" in the Southern District of Texas.  *Id.*  Second, the Court must consider whether the transfer will facilitate the "convenience of [the] parties and witnesses" and serve "the interest of justice."  *Id.*

The first part of the inquiry is easily satisfied as neither party disputes the fact that the Southern District of Texas would provide a proper venue.  Defendants all reside in that district, and the advertisements at issue originated there.  *See* 28 U.S.C. §§ 1391(b)(1) and (b)(2).

A general rule governs the second part of the inquiry.  Unless the balance of convenience strongly weighs in favor of Defendant, Plaintiff's choice of forum should not be disturbed.  *D.C.*

*Micro Dev., Inc. v. Lange*, 246 F. Supp. 2d 705, 713 (W.D. Ky. 2003).  Defendants must present strong evidence that the situation warrants a change of venue.  *Rutherford*, 943 F. Supp. at 791.

However, "[s]ection 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'"  *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)).  In considering such a transfer, the following factors guide the Court:  "(1) the convenience of the parties; (2) the convenience of the witnesses; (3) the relative ease of access to sources of proof; (4) the availability of process to compel attendance of unwilling witness; (5) the cost of obtaining willing witness; (6) the practical problems associated with trying the case most expeditiously and inexpensively; and (7) the interest of justice."  *D.C. Micro*, 246 F. Supp. 2d at 713.

The preceding factors weigh heavily in favor of transfer to the Southern District of Texas.  The Western District of Kentucky is not a convenient venue for any of the present parties.  Neither Plaintiff nor Defendants reside in close proximity to this district, and the maintenance of this case will commit both sides to significant travel and expense.  Plaintiff's only physical connection to this venue is the fact that its current counsel resides in Louisville, Kentucky, but the convenience of a legal representative holds no place in this analysis.

Plaintiff contends that it will call witnesses from across the nation and that those witnesses will be forced to travel no matter the location of the venue.  Thus, a transfer would not aid convenience.  However, the Court disagrees with this reasoning.  Plaintiff has not named a single witness that it plans to call from Kentucky or the surrounding area.  By contrast, it is clear that many relevant witnesses reside near Defendants' principal place of business in Texas.

Moreover, a transfer to the Southern District of Texas will improve access to important documentation and records held at Defendants' headquarters. Transporting numerous witnesses and other evidence from Texas to Kentucky would be a monetary and administrative waste. Therefore, the Court will transfer this case to the Southern District of Texas for the convenience of the parties and witnesses.

For the reasons stated in its Memorandum Opinion and being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendants' motion to dismiss or transfer for improper venue is DENIED.

IT IS FURTHER ORDERED that Defendants motion to transfer for the convenience of the parties and witnesses is SUSTAINED, and this case is TRANSFERRED to the Southern District of Texas.

cc:     Counsel of Record